IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION


MELINDA B. DAVIS,                              :
                                               :
    Plaintiff,                             :
                                               :
vs.                                            :   Civil Action No.
                                               :   **7:04-CV-21** (RLH)
JO ANNE B. BARNHART,                           :
Commissioner of Social Security,               :
                                               :
    Defendant.                             :
_____

**ORDER**

The plaintiff herein filed an application for disability insurance benefits and Supplemental

Security Income in June of 2001.  The applications were denied initially and upon

reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge

(ALJ), which was held on April 9, 2003.  In a decision dated September 8, 2003, the ALJ denied

plaintiff's claims.   The Appeals Council affirmed the ALJ's decision, making it the final

decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court.

Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all

proceedings herein, including but not limited to the ordering of the entry of judgment.  The

parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit

Court of Appeals.  28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further

inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an

impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

    The ALJ concluded that plaintiff had a "severe" impairment of multiple sclerosis, but retained

the residual functional capacity to perform a range of sedentary work.

### Listing

    Plaintiff contends that her impairments meet a listing.  For a claimant to establish that his

impairment meets a listing, it must meet all of the specified medical criteria; if the impairment

satisfies only some of the criteria, no matter how severely, it does not qualify.  Sullivan v.

Zebley, 493 U.S. 521, 530 (1990).

    The evidentiary standards for presumptive disability are stricter under the listings than in the

sequential evaluation because the listings provide an automatic screening based upon medical

findings rather than an individual judgment based upon all relevant factors.  Zebley, *supra* at 532.


    Here, the ALJ determined that the listing for multiple sclerosis requires consideration of

frequency and duration of exacerbations, but that the evidence of record did not suggest that

plaintiff had the interference on a frequent level or for the duration contemplated by the

regulations.  (Tr. 17).  Plaintiff has not pointed to evidence in the record that refutes the ALJ's

determination.

### Credibility/Pain Standard

Plaintiff asserts that the ALJ improperly discounted her testimony that she is disabled.    Holt
v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain
standard" when a claimant attempts to establish disability through his or her own testimony of
pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and
> either (2) objective medical evidence that confirms the severity of the alleged pain
> arising from that condition or (3) that the objectively determined medical condition
> is of such a severity that it can be reasonably expected to give rise to the alleged
> pain.  A claimant may establish that her pain is disabling through objective medical
> evidence that an underlying medical condition exists that could reasonably be
> expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about
the intensity, persistence, and functionally limiting effects of pain or other symptoms must be
considered in addition to the medical signs and laboratory findings in deciding the issue of
disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain
standard is itself sufficient to support a finding of disability.  Holt v. Sullivan, supra at page
1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is
critical, the fact finder must articulate specific reasons for questioning a claimant's credibility.
"[D]isregard of such complaints without articulating the reason is inappropriate because it
deprives the reviewing court of the ability to determine the validity of that action.  When
rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that
decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ discussed plaintiff's treatment history, including the MRI reports, in determining
that plaintiff was not disabled, noting conservative treatment to which plaintiff responded well.

(Tr. 16-17).  The ALJ also noted that, while plaintiff testified that she had to lay down

periodically because of her condition, there is no notation in her medical files of plaintiff's

complaints of the need to lay down because of pain, or any advisory by her physician to lay down

to help relieve pain.  (Tr. 16).

    The ALJ did articulate adequate reasons for discounting plaintiff's complaints of disabling

pain.  The court may not re-weigh the evidence;  "[e]ven if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported

by substantial evidence."  Bloodsworth, 703 F.2d at 1239.

*Treating Physician*

    Plaintiff asserts that the ALJ improperly discounted the opinion of her treating physician, Dr.

Posas.   The Court of Appeals has held that good cause must be shown if the opinion of the

treating physician is discounted; a non-examining physician's opinion is entitled to little weight if

it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776

F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating

physician's opinion and any reason for giving it no weight, and failure to do so is reversible

error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical

evidence does not conclusively counter the treating physician's opinion, and no other good cause

is presented, the treating physician's opinion cannot be discounted.  Scnorr v. Bowen, 816 F.2d

578, 581 (11th Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for that of a medical

expert.  Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

    Dr. Posas indicated that plaintiff was "100%" disabled. (Tr. 128-129).  The ALJ, however,

concluded that Dr. Posas' opinion was not consistent with treatment notes and objective medical

findings which suggest less restrictive limitations.  The ALJ also noted that Dr. Posas' treatment

notes indicated that plaintiff's condition improved with treatment, and that while she had

episodic bouts with multiple sclerosis, she has rebounded with treatment.  (Tr. 17).  The ALJ also

noted that two state agency physicians determined that plaintiff could perform a range of light

work activity. (Tr. 17).

Again, the undersigned may not re-weigh the evidence.  A review of the record shows that the

ALJ's determination to discount Dr. Posas' opinion was based upon substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial

evidence, it is the ORDER of the undersigned that the Commissioner's decision be  **AFFIRMED**

pursuant to Sentence Four of § 405 (g).


**SO ORDERED**, this 22nd  day of September, 2005.


                                                    //S Richard L. Hodge
                                                    RICHARD L. HODGE
msd                                                 UNITED STATES MAGISTRATE JUDGE